IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOE ANN JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-00918-CV-W-ODS |
| | ) | |
| WAL-MART STORES EAST I, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. Doc. #10. For the following reasons, Plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff Joe Ann Joyce filed a lawsuit against Defendant Wal-Mart Stores East I, L.P., in the Circuit Court of Jackson County, Missouri, alleging she "was injured on Defendant's premises" when a box fell on her. Doc. #1-1, at 2. On November 16, 2018, Defendant removed the matter to this Court, alleging diversity jurisdiction. Doc. #1. Plaintiff filed a motion to remand. Doc. #10. Defendant filed opposition to Plaintiff's motion. Doc. #12. Plaintiff did not file a reply, and the time for doing so has passed. L.R. 7.0(c)(3).

## II. DISCUSSION

A case filed in state court may be removed to federal court if the case could have been originally filed in federal court. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction bears the burden of demonstrating jurisdiction exists. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In this matter, there is no question that diversity of citizenship exists. The only question is whether Plaintiff's claim places more than $75,000 in controversy.

When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the

State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.* Missouri does not permit a plaintiff to demand a specific sum, so the Court looks to the Notice of Removal to ascertain the amount in controversy. To show the amount in controversy is met, Defendant's burden is a pleading requirement and not a demand for proof. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). "Confusion may arise because the relevant jurisdictional fact, that is, the issue that must be proved by the preponderance of evidence, is easily misidentified. The jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The defendant need only demonstrate a fact finder could legally award more than $75,000. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009).

Once a defendant has explained how damages can plausibly exceed $75,000, a plaintiff seeking remand must demonstrate it is legally impossible to recover more than $75,000. *Raskas*, 719 F.3d at 888. It is not enough for the plaintiff to demonstrate he or she is unlikely to recover more than $75,000; the plaintiff must demonstrate it is impossible for him or her to recover more than $75,000. *Id.*; *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017). "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Raskas*, 719 F.3d at 888 (citation omitted).

Defendant satisfied its burden of demonstrating Plaintiff could plausibly recover more than $75,000. The extent of Plaintiff's injuries (alleged as being "serious, painful, and progressive"), the nature of her injuries (alleged as "inferior blowout orbital fracture and floor fracture"), and the monetary relief she seeks ("in the form of medical expenses, inconvenience, pain and suffering") demonstrate Plaintiff could legally recover more than $75,000. Doc. #1-1, at 3-4.

Plaintiff's efforts to demonstrate it is impossible for her to recover more than $75,000 are unpersuasive. First, Plaintiff challenges Defendant's lack of "evidence" to support its contention that more than $75,000 is in controversy. However, set forth above, Defendant's burden is not a matter of proof, but a matter of pleading.

Second, Plaintiff points to her pre-suit settlement demand of $50,000, and an email (sent before the matter was removed) offering to settle the matter for $30,000. While a settlement demand letter may be considered as evidence of the jurisdictional minimum, such a letter "is not dispositive of the issue of the jurisdictional amount." *McEwen v. Stevens Transp., Inc.*, No. 14-03104-CV-S-BP, 2014 WL 12618329, at *1 (W.D. Mo. May 12, 2014) (citations omitted). With regard to her pre-suit settlement demand, which was not attached to her motion to remand, it is unknown if she detailed her injuries and damages, or represented that her damages, in total, were $50,000. Doc. #11-1. Likewise, the email did not include those details or indicate the settlement offer represented her total damages. Critically, these settlement offers do not demonstrate it is legally impossible for Plaintiff to recover more than $75,000.

In response to the motion to remand, Defendant suggested Plaintiff and her counsel execute a binding stipulation proclaiming she and her counsel will not seek, will not ask for, and will not accept damages in excess of $75,000, exclusive of interest and costs. Doc. #12, at 4 (citing *McGuire v. J.B. Transport, Inc.*, No. 10-CV-746, 2010 WL 2399550 (E.D. Mo. June 10, 2010)). Significantly, Plaintiff did not file a reply to her motion, and to date, no such stipulation has been filed.

Defendant has presented a plausible basis for believing more than $75,000 is in controversy. Plaintiff has not demonstrated it is legally impossible for her to recover more than $75,000 on her personal injury claim. Whether she will actually collect more than $75,000 is irrelevant. The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

DATE: January 24, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT